IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
SYLVIA YVONNE McNEAL,        )
an individual,              )
                            )
     Plaintiff,             )
                            )    CIVIL ACTION NO.
     v.                     )    2:09cv758-MHT
                            )       (WO)
KURT CHRISTIAN WORKMASTER,  )
an individual,              )
                            )
     Defendant.             )
```

## OPINION AND ORDER

This lawsuit, in which plaintiff Sylvia Yvonne McNeal charges that she was injured in an car accident caused by defendant Kurt Christian Workmaster, was removed by Workmaster from state to federal court based on diversity-of-citizenship jurisdiction. 28 U.S.C. §§ 1332, 1441. The lawsuit is now before the court on McNeal's motion to remand contending that both the diverse-citizenship and the amount-in-controversy requirements are lacking. For the reasons that follow, the court holds that the diverse-citizenship requirement is not met and thus the remand motion must be granted.

## I. BACKGROUND

"Diversity [of citizenship] is determined when the suit is instituted, not when the cause of action arose." McDonald v. Equitable Life Ins. Co., 13 F.Supp.2d 1279, 1281 (M.D. Ala. 1998) (Thompson, J.).  Workmaster contends that the diverse-citizenship requirement is met here because, at the time this lawsuit was filed in state court on June 29, 2009, he was a citizen of Georgia and McNeal was a citizen of Alabama; McNeal contends that the requirement is not met because, like Workmaster, she was a citizen of Georgia at that time.  Therefore, whether the diverse-citizenship requirement is met turns on McNeal's citizenship at the time this lawsuit was filed in state court.  Based on the federal-court record, including testimony taken from McNeal in an evidentiary hearing, the court now finds the following facts:

For the past seven years, McNeal has resided with her stepmother in Macon, Georgia.  In McNeal's words, "I

2

consider this and have always considered this my permanent residence." Remand Mot., Ex. 3 (Doc. No. 10).

Although she considers Macon her permanent residence, McNeal periodically stayed with her ex-boyfriend at his rental home in Eufaula, Alabama from late 2008 through mid-2009. During this time, she began working at a Eufaula grocery store, at which she is still employed. She also opened a Eufaula bank account, where she continues to deposit her paycheck. McNeal received mail at her ex-boyfriend's Eufaula address as well as at a Eufaula post office box. She occasionally attends a church in Eufaula.

In May and June of 2009, McNeal had some difficulties with her ex-boyfriend. On June 25, 2009--just four days before she filed the complaint in this lawsuit--McNeal filed a "Petition for Protection from Abuse" in a local Alabama court. In that petition, she stated under oath that she was a "resident of Barbour [County] in Alabama," and provided a Eufaula address. Removal Notice, Ex. 3 at

1 (Doc. No. 1-4).  In the same document, she  referred to her ex-boyfriend's Eufaula residence as "our" house and stated that "both of our names are on" the lease. Id. at 2.

Despite her statements in the petition, McNeal now commutes between Eufaula and her residence in Macon, a drive she calculates at two hours and eight minutes. While she kept, and still keeps, all of her furniture in Macon--including antiques, a dining room set, a love seat, and a baby piano--she brought two suitcases of clothes, a laptop computer, an easel, and some artwork to Eufaula.  When she stayed with her ex-boyfriend she "lived out of a suitcase."  Remand Mot., Ex. 3 (Doc. No. 10).  McNeal maintains a Georgia driver's license and a Georgia nursing license.  She is, and has been, registered to vote in Georgia.  She maintains a Georgia bank account and pays taxes in Georgia.  She receives mail at her Macon address and she considers herself a member of a Macon church.  While she has indicated that

4

she signed a lease with her ex-boyfriend, she has not contributed to his rent; and, although she works in Eufaula, she also has continued to see patients in Georgia as a private nurse.

## II. DISCUSSION

Unless otherwise prohibited by Congress, "any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where the action is pending." 28 U.S.C. § 1441(a). When a lawsuit is removed to federal court, "the party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, ... the existence of federal jurisdiction." McCormick v. Aderholt, 293 F.3d 1254, 1258 (11th Cir. 2002).

Workmaster contends that this case falls within the court's diversity-of-citizenship jurisdiction pursuant to

28 U.S.C. § 1332. He maintains that removal is proper because "the matter in controversy exceeds the sum or value of $ 75,000" and the parties were "citizens of different States" at the time the state-court complaint was filed on June 29, 2009. 28 U.S.C. § 1332. Because the court finds that Workmaster and McNeal were both citizens of Georgia at the time the complaint was filed, the court need not reach the issue of jurisdictional amount.

"Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." McCormick, 293 F.3d at 1257. "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.'" Id. at 1257-58 (citation and quotation marks omitted); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's

6

intent to remain there."). Because of the subjective element of domicile, it "is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." Miss. Band of Choctaw Indians, 490 U.S. at 48 (citations omitted)

"[O]nce an individual has established a domicile, he remains a citizen there until he satisfies the mental and physical requirements of domicile in a new state." McDonald v. Equitable Life Ins. Co., 13 F.Supp.2d 1279, 1281 (M.D. Ala. 1998) (Thompson, J.). Thus, "[a] change of domicile requires '[a] concurrent showing of (1) physical presence at the new location with (2) an intention to remain there indefinitely." McCormick, 293 F.3d at 1258.

In determining domicile, "[c]ourts typically take into account a variety of factors indicating the extent of a particular party's ties to the purported domicile." Garcia Perez v. Santabella, 364 F.3d 348, 351 (1st Cir. 2004). "Factors frequently taken into account include:

the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in ... associations; place of employment or business; driver's license and automobile registration; [and] payment of taxes." 13E Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3612 (3rd ed. 2009); see also McDonald, 13 F.Supp.2d at 1281 (listing factors). "No single factor is conclusive; instead, a 'totality of evidence' approach is necessary." McDonald, 13 F.Supp.2d at 1281.

"An individual's statements of intent also are considered in determining domicile. ... [And,] when subjective expressions of intent accord with objective facts, the subjective testimony bolsters the objective evidence." Id.

McNeal is adamant that she has considered, and still considers, Macon, Georgia her one and permanent residence. Her subjective testimony is in accord with

8

the objective evidence:  She has a Georgia nursing
license and serves patients in Georgia; she has kept, and
continues to keep, her personal property--including all
of her furniture--at her Macon residence; she receives
mail at her Macon address; she has a Georgia driver's
license; she pays taxes in Georgia; she is registered to
vote in Georgia; she maintains a Georgia bank account;
she is a member of a Georgia church; and she now commutes
between her job in Eufaula and her residence in Macon.

    To be sure, McNeal identified herself as a resident
of Alabama in the June 2009 "Petition for Protection,"
and, in that same document, she referred to her ex-
boyfriend's Eufaula address as "our" house and indicated
that "both of our names are on" the lease.  She also
admits that she is employed in Alabama and that she
deposits her Alabama paychecks in an Alabama bank
account.  While this evidence shows that, at the time
this lawsuit was filed on June 29, 2009, McNeal had some
ties to Alabama, these ties were not, and are not, any

9

more permant than the failed, short-lived romantic relationship upon which they were essentially based; her Alabama ties were not, and are not, sufficient to trump her significant and on-going objective and subjective permanent connections to Georgia.

The court is convinced that McNeal did not intend to be, and has not been, anything more than a temporary resident of Alabama; she has not given up her permanent Georgia citizenship. Thus, the court finds that McNeal was a citizen of Georgia at the time the complaint in this lawsuit was filed on June 29, 2009. Because Workmaster was also a citizen of Georgia at that time, the parties were not "diverse" and this case is due to be remanded to state court.

***

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff Sylvia Yvonne McNeal's motion

10

for remand (doc. no. 10) is granted and that, pursuant to 28 U.S.C. § 1447(c), this cause is remanded to the Circuit Court of Barbour County, Alabama, for want of subject-matter jurisdiction.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 30th day of November, 2009.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE